**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

ANTHONY THOMAS, JR. PLAINTIFF

V. 4:09CV00020 JMM/JTR

KARL BYRD, Sheriff,
Faulkner County Detention Center, et al. DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**I. Introduction**

Plaintiff, Anthony Thomas, Jr., commenced this *pro se* § 1983 action while he was confined in the Faulkner County Detention Center ("FCDC").[1] *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that this case be dismissed, without prejudice.[2]

---

[1]Plaintiff is no longer incarcerated.

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the

## II. Discussion

In his Complaint, Plaintiff alleges that, on January 4, 2009, Defendant FCDC Officer Thomas winked at him while he was naked and said: "I'll open you up boy." *See* docket entry #2 at 5. Importantly, Plaintiff does not allege that Defendant Thomas ever touched him. *Id.* Plaintiff further contends that the remaining Defendants failed to take any corrective action when Plaintiff complained of Defendant Thomas's sexual harassment. *Id.* Plaintiff asserts that Defendants' conduct constitutes a violation of his *unspecified* constitutional rights, as protected by § 1983, and the state tort of outrage. *Id.* By way of relief, Plaintiff seeks only monetary damages. *Id.*

### A. Plaintiff's § 1983 Claim

It is well settled that verbal abuse and threatening language by a prison official do not rise to the level of a constitutional violation. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (holding that verbal harassment, threats, and name calling are not actionable under § 1983); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (holding that verbal threats and name calling are not actionable under § 1983). Specifically, in *Howard v. Everett*, Case No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. 2000) (unpublished opinion), the Eighth Circuit held that although a prison guard's "sexual comments and gestures were reprehensible," such "sexual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain" sufficient to

---

plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley*, 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

sustain an Eighth Amendment violation.[3] As previously stated, Plaintiff *does not* allege that Defendant touched or had any physical contact with him. Thus, he has failed to state a viable § 1983 claim.

**B. Plaintiff's State Tort of Outrage Claim**

It is well settled that a federal district court may decline to exercise supplemental jurisdiction over pendent state law claims when the court has dismissed all federal claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Gibson v. Weber*, 431 F.3d 339, 342 (8th Cir. 2005) (holding that a district court did not err when it declined to exercise supplemental jurisdiction over a state medical malpractice claim after the inmate's federal claims were dismissed due to a lack of exhaustion). Because Plaintiff has failed to state a viable § 1983 claim, the Court should decline to exercise supplemental jurisdiction over his pendent tort of outrage claim so that he may pursue it, if he so chooses, *in state court.*

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this case be DISMISSED, WITHOUT PREJUDICE.

---

[3] In contrast, the Eighth Circuit has held that a prisoner states a valid Eighth Amendment claim if he alleges that the prison official touched him in a sexual manner. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir.1995) (allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand motion for summary judgment); *Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th Cir.1992) (allegations in verified complaint that prison guard performed almost daily pat-down searches, tickled inmates, and deliberately examined genital, anus, lower stomach and thigh areas were sufficient to withstand summary judgment motion).

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 19th day of February, 2009.

UNITED STATES MAGISTRATE JUDGE